IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States<br><br>   v.<br><br>Thomas Darin Epps | Case No. 4:09-cr-01367-TLW-2<br><br>**ORDER** |

     This matter comes before the Court on the United States Probation Officer's Request for Supervision Modification, Form 12B, dated January 9, 2017. In the Form 12B, the Probation Officer asks the Court to reduce Defendant Thomas Darin Epps' monthly restitution obligation.

     Defendant pled guilty to Bank Fraud in violation of 18 U.S.C. §§ 1344 and 2. ECF No. 76. On May 24, 2011, he was sentenced to 33 months custody to be followed by 5 years supervised release. ECF No. 220. He was additionally ordered to pay significant restitution in the amount of $390,492, with any unpaid balance to be paid in the amount of $750 per month beginning 30 days after release from confinement. Id. On October 16, 2012, pursuant to Rule 35(b), Defendant's sentence was reduced to 21 months custody, with all other conditions remaining as previously imposed. ECF No. 267. Defendant was released to supervision on April 13, 2013.

     The Form 12B states that Defendant has failed to make the full restitution payments since losing his job in June 2016, making only minimal payments of $100 per month. Until that time, he had made $750 monthly payments for approximately 3 years since his release from custody. The Probation Officer requests that Defendant's restitution be reduced to $250 per month in light of his stated income of $2,800 per month and expenses of $3000 per month.

     When determining the appropriate amount of restitution to be paid, the Court considers the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. 18 U.S.C. §

1

3663(a)(1)(B)(i)(II).  The Court may modify the conditions of a defendant's supervision, including his monthly restitution obligation, at any time prior to the expiration or termination of the term of supervised release.  See 18 U.S.C. § 3583(e).  A defendant's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution can justify revocation and imprisonment.  Bearden v. Georgia, 461 U.S. 660 (1983); United States v. Lominac, 36 F.3d 1095 (4th Cir. 1994).

The Court has carefully reviewed the documentation submitted including Defendant's Monthly Cash Flow Statement, his restitution payment history, and the Presentence Investigation Report prepared by the U.S. Probation Office prior to Defendant being sentenced.  ECF No. 213.  While the documentation provided indicates that Defendant has been making only minimal payments toward his restitution, the monthly amount currently imposed does warrant reduction in light of his current income.  Having considered the factors above, and noting the seriousness of the crime and the amount of loss attributed to Defendant, the Court will reduce the monthly obligation to reflect Defendant's current income.  However, the amount requested of $250 per month would be woefully inadequate in light of the offender's earning capacity.  In light of his earning capacity and the other factors considered, Defendant's restitution obligation is hereby reduced to $500 per month.

The Probation Officer is directed to notify the Court should Defendant's income or other financial conditions improve, as the Court may modify the restitution obligation accordingly.  Further, the Defendant is directed to produce copies of his income tax returns in addition to other documents related to his income as directed by the U.S. Probation Office.  Should the offender fail to make payments in the amount set forth herein, he should be warned that he may face revocation and incarceration pursuant to Bearden, as noted above.

3

The Probation Officer shall promptly serve this Order upon the Defendant to ensure he is aware of the possibility of <u>incarceration</u> if he willfully fails to make bona fide efforts to pay the restitution ordered. All other conditions shall remain as previously imposed.

IT IS SO ORDERED.

<u>s/ Terry L. Wooten</u>
Chief United States District Judge

February 24, 2017
Columbia, South Carolina